Learned, J.
After payment by the Superintendent of the Insurance Department from the funds in his hands, of the claims of the policy-holders of this company, there remained a surplus. This surplus, it is supposed, belonged to the receiver of the company, in his official capacity. Mr. Smith presented to the court by petition a claim against the company, and asked for payment. The receiver replied and the matter was referred.
*453 To facilitate the trial, the counsel for Mr. Smith and the counsel for the receiver entered into what they have called “an agreed state of facts,” by which many facts material to the controversy were admitted. On the hearing before the referee, this “agreed state of facts” was used, and other evidence was- taken. The referee has reported in favor of Mr. Smith. By his report, as well as by his opinion, it appears that, on three points at least, he was controlled by the “agreed state of facts,” and that he found accordingly. The referee does not say that the other evidence was at variance with the facts as thus agreed to.
The receiver excepted to the report. And furthermore, the receiver, on affidavit, asked that the matter be sent back to the referee, that in these three respects above referred to, the portions of the ‘1 agreed state of of facts” be stricken out. This motion Mr. Smith opposes. The three admissions which the receiver desires to have stricken out are:
1. That there are no offsets to Mr. Smith’s claim.
2. That-there are no other creditors of the company.
3. That the surplus is more than enough to pay Mr. Smith.
It is of course a very serious matter to disturb a carefully drawn statement of facts, upon which a cause has been tried without objection.
There is no suggestion of any unfairness in the preparation of this statement. Indeed the character of the counsel, on both sides, forbids such an idea. But the counsel for the receiver says that he was mistaken as to the facts, and that he is now better informed. He does not desire to put in further evidence. His only wish is thdt the referee may report uncontrolled, upon these three points, by the agreement.
If this were -a matter between private litigants, I *454 would be.of the opinion that this application was too late, and that the clients must stand by the agreement thus made. But I think other considerations apply here. Of course, I should not doubt the power of the attorney for a receiver to make stipulations in the progress of. a suit, or admissions upon a trial. Yet, after all, the receiver is but the officer of the court. And in such a case as this the receiver does not represent the rights of any individual, as the receiver in an ordinary suit often does. Here he is the custodian of funds to be distributed among rightful claimants. And, when it may fairly be done, I think the court should afford every facility for getting at the truth as to who those claimants are.
As to the second and third admissions it is evident that they affect or may affect the rights of parties who have not been heard. Mr. Smith asks, and his counsel claim, payment of the amount reported owing to him, without regard to any other possible creditors, if such there be. And the receiver urges with force, that, since he has heard of other claimants, (saying nothing as to the justice of their claims), it would be unfair to him that he should appear to have consented to (what might prove to be) a priority of payment in behalf of Mr. Smith.
In regard to the first admission, viz.: that there are no offsets, the receiver does not ask to give any proof; but he asks that the proof already given shall not be controlled by his admission. Here it must be considered that the receiver, from the nature of the case, must be, to some extent, ignorant of the transactions, with which Mr. Smith, one of the officers of the company, would probably be conversant.
It is perhaps doubtful how far the court, on a hearing of the report and the evidence and the exceptions, would feel itself controlled by such an agreement, as to facts, made by its officer, if, on examination of the *455 evidence, the proof should contradict the agreement. Yet it would be better not to have the matter presented in that form, but to have the fair opinion of the referee, on the evidence, uncontrolled, in these particulars, by the agreement.
On the whole, therefore, I think that the receiver’s motion should be granted in the manner indicated below. If I had power to impose any terms, other than the ordinary motion fees,-1 should think it just to do so,—for the petitioner has been put to great inconvenience ; and I think there has been some degree of laches on the part of the receiver.
The matter, then, is to be referred back to the referee to report additionally on the three matters above mentioned, as if they were not agreed upon, in the “"agreed state of facts.” The receiver is not to introduce further evidence, unless Mr. Smith should do so. Mr. Smith is to be at liberty to produce further evidence, if he chooses.
The hearings on the report and exceptions must stand over till such further report' of the referee.
The receiver must pay Mr. Smith’s attorney $10 costs for putting over that hearing, and $10 costs of the motion to send back the report.
Furthermore, the receiver must pay the fees of the referee for the report to be thus obtained, and such fees are, in no event, to be" chargeable to Mr. Smith ; and the receiver is to obtain such report with all convenient speed, and to serve a copy when obtained on Mr. Smith’s attorney.
And I should add that I express no opinion whatever as to the merits of Mr. Smith’s claim. That must be decided only when the report and the evidence are considered.